*977 ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS
JUSTICE GENOVESE
additionally concurs and assigns reasons:
11Although “[t]he accused shall have a right to full voir dire examination of prospective jurors ..,as set forth in La. Const. art. I, § 17, for the purpose of determining prospective jurors’ qualifications and assisting counsel in articulating intelligent reasons for the exercise of cause and peremptory challenges, State v. Ball, 00-2277, p. 23 (La. 1/25/02), 824 So.2d 1089, 1110, cert. denied, 537 U.S. 864, 123 S.Ct. 260, 154 L.Ed.2d 107 (2002), defendant does not show that the trial court has abused its discretion in regulating voir dire at this time. See generally State v. Williams, 457 So.2d 610 (La.1984) (trial court has discretion to limit voir dire, as long as the limitation is not so restrictive as to deprive the defense of a reasonable opportunity to probe to determine a basis for challenges for cause and for the intelligent exercise of peremptory challenges). As noted by Judge Lobrano’s concurrence in the court below, “[bjecause the district court repeatedly stated that it would reexamine its ruling if issues arise during voir dire that require additional questioning, I am convinced that the district court will follow Justice Marcus’s instruction to ‘afford wide latitude to counsel in the conduct of voir dire examination to effectuate the accused’s right to full voir dire of prospective jurors embodied in La. Const. art. I, § 17.’” State v. Kirby, 17-0725 (La.App. 4 Cir. 09/01/17), — So.3d — (quoting State v. Hall, 616 So.2d 664, 669 (La.1993)). Because defendant’s allegation of error that the trial judge has abused his discretion and unreasonably restricted voir dire is speculative, his application is premature.